UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

9.345 ACRES OF LAND, MORE OR LESS, SITUATED IN IBERVILLE PARISH, STATE OF LOUISIANA, ET AL

CIVIL ACTION

NUMBER 11-803-JJB-SCR

### RULING ON MOTION TO QUASH SUBPOENAS ISSUED TO GERALD TEEL

Before the court is The United States' Motion to Quash Subpoenas Issued to Gerald Teel. Record document number 61. The motion is opposed.[1]

For the reasons which follow the motion is denied.

### The Parties' Arguments

Plaintiff moved to quash subpoenas issued by the defendants for the deposition of real estate appraiser Gerald Teel and the production of documents related to the pre-condemnation appraisal he performed.[2] According to the plaintiff, Teel is not an employee of the United States. He was retained by the United States prior to filing this condemnation action to perform an appraisal of the

---

[1] Record document number 64. The United States also filed a reply memorandum. Record document number 67.

[2] Record document number 61-2, Exhibit A.

property.[3]  In addition, Teel has not been designated as an expert for this case, and the plaintiff does not expect to call Teel as an expert witness at the trial.  Plaintiff's motion is based on the timing and purpose of Teel's appraisal, and relies on Rule 26(b)(4)(D), Fed.R.Civ.P., and the Fifth Circuit decision in *Hoover v. United States Dept. of the Interior,* 611 F.2d 1132 (5th Cir. 1980), to support it.

Plaintiff relied on *Hoover* to establish the foundation necessary for Teel's expert knowledge to come within the scope of Rule 26(b)(4)(D).  Plaintiff argued that the Fifth Circuit held in *Hoover* that a landowner is not entitled as matter of right to discover the government's pre-condemnation appraisal report,[4] and that such appraisal reports are necessarily prepared in anticipation of litigation because they are "obtained both for the purpose of providing a basis for an offer, and to support a claim

---

[3] This action was filed November 29, 2011.  Teel sent a letter dated April 30, 2010 about the government contracting with his company to perform an appraisal analysis of the property.  Record document number 64-1, Exhibit A.  On February 11, 2011 the defendants received a letter advising that just compensation for the property had been established at $17,936,500.00.  Record document number 64-2, Exhibit B.

[4] *Hoover*, 611 F.2d at 1142.  Plaintiff also relied on two cases that cite *Hoover*, *United States v. 8.34 Acres of Land*, 2006 WL 6860387, n. 2 (M.D. La. June 12, 2006) and *United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480, 484 (10th Cir. 1987).

of just compensation" in a subsequent condemnation suit.[5] Based on *Hoover*, the plaintiff argued that Teel's information and opinions come within the scope of Rule 26(b)(4)(D) and can only be the subject of discovery if the defendants demonstrate "exceptional circumstances under which it is impracticable" for them to "obtain facts or opinions on the same subject by other means." Rule 26(b)(4)(D)(ii). Plaintiff asserted the subpoenas issued to Teel must be quashed because the defendants have not made this showing.

Defendants argued that *Hoover* is not controlling or persuasive. According to the defendants, *Hoover* is not controlling since it clearly did not involve a condemnation proceeding, but rather a landowner's request under the Freedom of Information Act ("FOIA") to obtain a copy of an independent, non-government appraisal done during pre-condemnation negotiations. Defendants also argued that the decision is not persuasive because: (1) it was based on the 1980 version of Rule 26(b)(4) under which expert discovery was limited and neither subsection generally permitted discovery from experts; and, (2) *Hoover's* statement in footnote 8 that the appraisal report was clearly prepared in anticipation of litigation, was merely an assumption by the court without any analysis. Defendants argued that the record in this case establishes that Teel's appraisal was prepared as required by law in the statutorily prescribed ordinary course of the government

---

[5] *Id.*, at 1139, n. 8.

acquiring property, and there is no basis to find that it was done in anticipation of litigation and so comes within the limitations on expert discovery imposed by Rule 26(b)(4)(D). Thus, defendants argued, they are not required to show exceptional circumstances, the general discovery rules apply, and the relevant, non-privileged evidence from Teel is discoverable.

## Analysis

The specific portion of Rule 26(b) applicable to this motion provides as follows:

> **(4)** *Trial Preparation: Experts.*
>
> **(A)** *Deposition of an Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.
>
> ...
>
> **(D)** *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> **(i)** as provided in rule 35(b); or
>
> **(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Thus, under the rule a party may not ordinarily obtain

discovery from an expert: (1) who has been retained or specially employed by another party; (2) in anticipation of litigation or to prepare for trial; and, (3) who is not expected to be called as a witness at trial.

In considering whether an expert is preparing materials in anticipation of litigation, the court considers the primary motivating purpose for creation of the document. Litigation need not be imminent as long as the primary motivating purpose behind the creation of a document is to aid in possible future litigation. Documents and materials assembled and brought into being in anticipation of litigation do not include materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation. If a document would have been created regardless of whether litigation is expected, it is generally held to have been created in the ordinary course of business. *See, U.S. V. El Paso Co.*, 682 F.2d 530, 542-43 (5th Cir. 1982); *In re Kaiser Aluminum and Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000); *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 242 F.R.D. 357, 360 (E.D. Tex. 2007); 8A Wright, Miller and Marcus, *Federal Practice & Procedure,* § 2033, p. 114-15.

Plaintiff did not object to the defendants' subpoenas on grounds of relevancy or privilege, and the plaintiff has not identified Teel as an expert under Rule 26(b)(4)(A). Plaintiff stated in the motion, and the defendants do not dispute, that Teel

5

was specially employed to perform the appraisal and is not expected to be called to testify as an expert witness at trial. Therefore, the only issue to be resolved is whether the plaintiff has established that the facts known and opinions held by Teel were developed in anticipation of litigation or to prepare for trial.

Plaintiff's arguments in support of the motion to quash, and in particular the arguments based *Hoover,* are unconvincing. As the defendants pointed out, *Hoover* addressed a prior version of Rule 26(b)(4) in the context of a FOIA request.[6] To determine whether the government could withhold disclosure of a pre-condemnation appraisal under Exemption 5 of the FOIA,[7] the court had to examine whether the report in question would be routinely discoverable in private litigation. To answer this question required examination of the then-existing sections of Rule 26(b)(4) applicable to

---

[6] The applicable language of Rule 26(b)(4)(A) and (B) at the time *Hoover* was decided in set forth in the case at footnote 8. At the time the case was decided, the substance of subsection B was essentially the same as Rule 26(b)(4)(D). However, prior to 1993 subsection A also only allowed limited discovery from testifying experts. A party had to propound interrogatories to obtain the expert's identity and the substance of his opinions and their basis. After this step, a party had to file a motion to obtain further discovery, and the court had discretion to allow it or not. Beginning in 1993, Rule 26(b)(4)(A) was amended to make depositions of testifying experts routinely available. 8A, Wright, Miller & Marcus, Federal Practice and Procedure § 2029-2031.

[7] Exemption 5 exempts from disclosure inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. *Hoover,* 611 F.2d at 1135.

testifying and non-testifying experts.[8]  The court analyzed both sections and found that the limited expert discovery allowed under them supported the conclusion that the appraisal was not routinely discoverable within the meaning of Exemption 5.  Thus, the plaintiff's statement of the holding in *Hoover* is in fact not the holding of the case.  Rather, the plaintiff took two statements and cobbled them together - one made by the court in reference to the 1980 version of Rule 26(b)(4)(A) which applied to trial experts,[9] and another in a footnote discussing the government's alternative Exemption 5 argument that the appraisal report was not routinely discoverable because it was work product under Rule 26(b)(3).

In contrast, this condemnation action involves a direct application of the current version of Rule 26(b)(4)(D).  Therefore, *Hoover* is not controlling in this case, nor is it persuasive.[10]

---

[8] *Id.*, at 1138-41.

[9] The entire sentence from *Hoover*, which was not cited by the plaintiff, is as follows: "In sum, despite some uncertainty over the requisite showing required under Rule (b)(4)(A)(ii), it is clear that a landowner is not entitled as a matter of right to discover the government's appraisal report." *Hoover*, 611 F.2d at 1142.

[10] The Middle District case relied on by the plaintiff is also not persuasive authority.  In that case a party was attempting to exclude the report and testimony of the government's expert because it claimed he did not value the property at its highest and best use.  In rejecting the party's attack on the appraisal, which was the expert's second appraisal, the court stated in a footnote that the earlier appraisals were done prior to litigation, and such appraisals were not generally discoverable, citing *Hoover*.  The footnote was not necessary to the court's analysis or conclusion
(continued...)

Plaintiff essentially relied completely on *Hoover* and the court's statement in footnote 8, to establish the "anticipation of litigation" requirement of Rule 26(b)(4)(D). In other words, plaintiff argued, the limitations on obtaining facts and opinions from a non-testifying expert apply here because *Hoover* states that an appraisal report prepared during the land acquisition process is prepared in anticipation of litigation, since during the process the government must necessarily anticipate that negotiations will fail and a condemnation suit will follow. This statement in footnote 8 is insufficient to establish that the requirements of Rule 26(b)(4)(D) are satisfied. As explained above, the statement was not necessary to the court's holding in the case or its rationale for finding that the government could withhold disclosure of the pre-condemnation appraisal under Exemption 5 of the FOIA. Moreover, the statement was not supported by any analysis or specific facts.

In contrast, the record here clearly shows that Teel's appraisal was obtained by the government to fulfill the purposes

---

[10](...continued)
that the challenged report/testimony should not be excluded. The court stated at the end of the footnote: "The pre-litigation appraisals might have differed in scope, format, or purpose from the appraisal the United States commissioned for litigation purposes." Although this statement regarding a difference in the scope, format, or purpose of pre-litigation appraisal is factually unsupported, it nevertheless supports the position that a pre-litigation appraisal is not necessarily prepared in anticipation of litigation.

and policy set forth in the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §4651.[11] Thus, the record supports the conclusion that the appraisal was obtained pursuant to a public requirement and litigation was not the primary motivating purpose for engaging Teel. Other than *Hoover*, the plaintiff simply has no legal or factual basis to support its argument that the evidence sought by the defendants was prepared in anticipation of litigation. Consequently, Rule 26(b)(4)(D) does not apply and the defendants are not required to show exceptional circumstances to obtain the testimony and documents from Teel.

Accordingly, The United States' Motion to Quash Subpoenas Issued to Gerald Teel is denied.

Baton Rouge, Louisiana, September 10, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] Record document number 64-2, Exhibit B.