## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,* | : <br> : <br> : |
| v. | :   CIVIL ACTION NO. 3:11-CV-00803-JJB-SCR <br> : |
| 9.345 ACRES OF LAND, MORE OR<br>LESS, SITUATED IN IBERVILLE<br>PARISH, STATE OF LOUISIANA, AND<br>SIDNEY VINCENT ARBOUR, III, *et al.*<br>*Defendants* | : <br> : <br> : <br> : <br> : |

## ORDER GRANTING MOTION FOR WITHDRAWAL AND DISTRIBUTION OF FUNDS ON DEPOSIT

**THIS CAUSE** came before the Court upon the motion of Defendant, Five States Energy Company, L.L.C. ("Five States"), for distribution of a portion of the funds remaining on deposit in the Registry of the Court in the above-styled case, plus any accrued interest.

Considering the Motion for Withdrawal and Distribution of Funds on Deposit, this Court finds that:

1. Plaintiff, the United States of America, has filed a Declaration of Taking (Doc. No. 3) and Complaint in Condemnation (Doc. No. 1) in the above-styled case;

2. Along with the filing of the Declaration of Taking, Plaintiff deposited into the Registry of this Court the amount of $17,945,000.00 as estimated just compensation for the property interest taken, vesting title in Plaintiff to the two estates condemned, as described in the Declaration of Taking (Doc. No. 4);

3. Because of a dispute as to the proper party or parties to be entitled to receive, 6.25% of the funds on deposit ($1,118,750.00), along with other sums due other parties, were not withdrawn from the amount on deposit;

4. Five States and PL Logistics, L.L.C. ("PL") have the exclusive right to the previously mentioned $1,118,750.00 on deposit, and no other party is entitled to the same or part thereof by reason of any recorded or unrecorded agreement;

5. There are no liens or other encumbrances on the subject property;

6. There are no back taxes against the property and all taxes due on the property for the year 2011 have been paid as shown by the tax certificate issued by the Sheriff and Tax Collector of Iberville Parish; and

7. Five States and PL have reached an agreement to split all monies derived from the plaintiff's taking of Tract 101 on a 50/50 basis. As such, Five States and PL are each entitled to withdraw half of the $1,118,750.00 that was deposited in the Registry of the Court for the taking the referenced 6.25% undivided in Tract 101, or $559,375.00 each, which represents the estimated just compensation owed for the taking of the 6.255 undivided interest in Tract 101.

**WHEREAS**, upon consideration of Five States' Motion, and based on the above findings, it is **ORDERED AND ADJUDGED** that the Motion is granted as set forth below:

1. The Court ORDERS the disbursement of the 6.25% of the original deposit ($17,945,000.00), plus any interest accrued thereon while on deposit in the Registry of the Court, to Defendants as set forth below, subject to the following conditions:

   a. If the final award exceeds the amount of the deposit of estimated just compensation, the amounts paid to Defendants from said deposit, including any sums paid therefrom to others for taxes, liens and encumbrances, shall be partial payment of the final award;

b. If it is finally determined that Defendants are not entitled to receive said deposit, or any part thereof, Defendants agree to refund into the Registry of this Court said sums paid to defendants, or such part thereof as the Court may direct, with interest at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116, from the date of disbursal of the deposit to applicant to the date of repayment into the Registry of the Court;

c. In the event that a final judgment is entered for just compensation in an amount less than that which has been paid to Defendants, including any amount expended for taxes, liens and encumbrances, Defendants agree to refund into the registry of the Court the amount by which such payments exceed said judgment, with interest at the rate of 52-week Treasury Bills, from the date of disbursal of the deposit to defendants to the date of repayment into the registry of the Court, calculated in accordance with the provisions of 40 U.S.C. § 3116;

d. This Motion is made without prejudice to Defendants' right to claim additional compensation for the taking of Defendants' property interest; and

e. Defendants agree that they will hold Plaintiff and this Honorable Court harmless from any and all claims made by parties having liens or encumbrances, or other parties who may have been entitled to such compensation or any part thereof by reason of any recorded or unrecorded agreement.

2. The Court **ORDERS** that the Clerk of this Court forthwith draw a Registry check in the amount of $559,375.00, with any interest earned thereon, to be paid into the Client Account of Breazeale, Sachse & Wilson, L.L.P. at One American Place, 23rd Floor, P.O. Box 3197, Baton Rouge, Louisiana 70821, and that said law firm distribute the funds in

accordance with the agreement between Breazeale Sachse & Wilson and Five States Energy.

3. The Court **ORDERS** that the Clerk of this Court forthwith draw a Registry check in the amount of $559,375.00, with any interest earned thereon, to be paid to Barron & Adler, L.L.P., 808 Nueces, Austin, Texas 78701, and that said law firm thereafter distribute the funds in accordance with the agreement between Barron & Adler, L.L.P. and PL Logistics, L.L.C.

Signed in Baton Rouge, Louisiana, on December 2, 2013.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**