UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

9.345 ACRES OF LAND, MORE OR
LESS, SITUATED IN IBERVILLE
PARISH, STATE OF LOUISIANA, AND
SIDNEY VINCENT ARBOUR, III, ET AL.

CIVIL ACTION

NO. 11-803-JJB-EWD

## RULING

This matter is before the Court on three Motions *in Limine* related to expert reports. This Ruling addresses one Motion brought by the Defendants, Motion *in Limine* to Exclude Geostock as a Rebuttal Witness (Doc. 319).[1] Additionally, it addresses two Motions brought by the United States—Motion *in Limine* to Exclude Defendants' Expert Rebuttal Reports Due to Exclusion of the United States' Case in Chief (Doc. 313)[2] and Motion *in Limine*, in the Alternative, to Exclude Defendants' Expert Rebuttal Opinions for Discovery Violations (Doc. 314).[3] The Court's jurisdiction exists pursuant to 28 U.S.C. § 1358.

For the reasons stated herein, the Defendants' Motion *in Limine* to Exclude Geostock as a Rebuttal Witness (Doc. 319) is **DENIED**. However, as requested by the Defendants in their Reply to the United States' Opposition (Doc. 350-1), this Court **GRANTS LEAVE TO DEFENDANTS TO DESIGNATE AN EXPERT TO REBUT GEOSTOCK**. Additionally, the United States' Motion *in Limine* to Exclude Defendants' Expert Rebuttal Due to Exclusion of the United States'

---

[1] In Ruling on this Motion, the Court also considered the United States' Opposition (Doc. 330) and the Reply Memoranda filed by two groups of the Defendants (Docs. 349 and 350-1).

[2] In Ruling on this Motion, the Court also considered the Defendants' Opposition (Doc. 336) and the United States' Reply (Doc. 347).

[3] In Ruling on this Motion, the Court also considered the Defendants' Opposition (Doc. 335) and the United States' Reply (Doc. 348).

Case in Chief (Doc. 313) is **DENIED**. The United States' Motion *in Limine*, in the Alternative, to Exclude Defendants' Expert Rebuttal Opinions for Discovery Violations (Doc. 314) is **GRANTED IN PART in that the following expert rebuttal opinions are excluded— Balasubramanian, Korpacz, Lesser, and Bieniawski (partial exclusion)**.

### 1. BACKGROUND

This is a relatively straightforward condemnation case. In 2011, the United States filed suit to condemn a salt cavern ("Cavern 102") in Iberville Parish. In eminent domain cases such as this one, "the sole issue is the value of [the] condemned property."[4] Unlike most other civil litigation, the defendant landowner has the burden of proof at trial.[5] Nonetheless, the United States typically offers its own, independent valuation of the property as its case in chief and that is what it originally sought to do in this case.

The Court briefly summarizes the following facts which are relevant in deciding all three Motions. A more comprehensive statement of the facts can be found in the parties' memoranda.

### A. Scheduling Orders

The parties were required to disclose their case in chief experts by April 19, 2013.[6] Both parties disclosed case in chief experts on that day. On August 5, 2013, the United States disclosed its rebuttal experts, and it amended those disclosures on August 8, 2013. On August 5, 2013, the Defendants designated various rebuttal experts. Twice on August 12, 2013, Defendants amended their rebuttal reports. Judge Riedlinger ruled that the August 12, 2013 rebuttal reports were timely.[7]

---

[4] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty., Miss.,* 80 F.3d 1074, 1077 (5th Cir. 1996) (citation omitted).
[5] *United States v. Powelson,* 319 U.S. 266, 273-74 (1943).
[6] Amended Scheduling Order, Doc. 134.
[7] Order, Doc. 262.

**B.      The United States' Case in Chief Expert, Beckman, Recanted His Testimony; This Court Did Not Allow the United States to Replace Beckman**

Due to a conflict of interest, one of the United States' case in chief experts, Kenneth Beckman ("Beckman"), recanted his testimony in July 2013.[8] The United States now says it cannot and will not offer any case in chief because all of its initial experts based their opinions on Beckman's report.[9]

In 2013, the United States requested to replace Beckman and have its other case in chief experts amend their reports.[10] Judge Riedlinger denied that request in 2013 and this Court affirmed.[11] Judge Riedlinger's ruling found that the United States knew or should have known that Beckman was conflicted: "At the heart of this motion is the plaintiff's decision to retain Kenneth [Beckman] as a testifying expert. The available information supports finding that the plaintiff knew when it retained him that he had a conflict of interest which [may have precluded] him from serving as one of plaintiff's experts, but nonetheless made a strategic choice to retain him. At the least, the plaintiff had sufficient information to realize [Beckman] had a reasonably foreseeable conflict and needed to thoroughly investigate the situation."[12]

**C.      The United States Designated Geostock for Rebuttal**

The United States designated three experts from Geostock ("Geostock") as rebuttal experts in August 2013.

The Defendants have moved to exclude Geostock. The Defendants contend that Geostock is an improper rebuttal expert because it injects new issues into the case where controversy previously did not exist. They argue that the Government knew that its "gamble" with Beckman

---

[8] *Pl.'s Supp. Mem.* 5, Doc. 313-1.
[9] *Id.* at 6-7.
[10] Motion to Amend Scheduling Order, Doc. 145.
[11] Ruling, Doc. 301.
[12] Ruling, Doc. 273.

3

could fail and so intentionally held Geostock back as a rebuttal expert whom it could use as a "backdoor" case in chief expert in case Beckman was excluded.

### D. Discovery Schedule and The Current Motions *in Limine*

The most recent scheduling order does not set a specific end date for discovery.[13] Instead, it ties the end of expert and fact discovery to a ruling on the pending Motions *in Limine*: "(A) By November 30, 2015, the parties shall file motions *in limine* addressing whether the defendants will be permitted to call their rebuttal expert witnesses at the trial. (B) All remaining fact and expert discovery shall be completed within four months after the district judge rules on motions *in limine* filed pursuant to paragraph A above."[14]

## 2. DISCUSSION

In an eminent domain action, "expert opinion testimony acquires special significance where the sole issue is the value of the condemned property…Recognizing the critical role of expert witnesses in these cases and the strong interest on both sides that compensation be just, trial courts should proceed cautiously before removing from the jury's consideration expert assessments of value which may prove helpful."[15] The landowners are entitled to receive the value of what they will be deprived of, and no more; to award them less would be unjust to the owners, and to award them more would be unjust to the public.[16]

Given the important constitutional interests in this case, this Court will proceed with caution before excluding experts. However, the importance of such testimony cannot singularly override the enforcement of local rules and scheduling orders.[17] A party cannot evade expert

---

[13] Amended Scheduling Order, Doc. 312.
[14] *Id.*
[15] *14.38 Acres of Land*, 80 F.3d 1074, 1078 (quotation marks and citation omitted).
[16] *Bauman v. Ross*, 167 U.S. 548, 574 (1897).
[17] *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

disclosure requirements by characterizing "new" opinions in later reports as supplemental.[18] To allow a party to continually supplement its reports by invoking the important interests involved in a case would wreak havoc on docket control and amount to unlimited expert preparation.[19] As the Fifth Circuit has noted, "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."[20]

The parties have not been particularly careful about adhering to the text of Rule 26. There has been gamesmanship on both sides. Both parties have taken fairly expansive stances on what they consider to be proper rebuttal, introducing experts who do not "solely contradict" the other party's case in chief experts as required by Rule 26, but who opine using new methods. However, in deciding these Motions, the Court is not only guided by Rule 26 and the Federal Rules of Civil Procedure. It is also guided by the significant constitutional interests implicated by a condemnation case and the unique circumstances of this case, specifically the fact that the United States will no longer be offering a case in chief because of expert conflicts.

### A.     Defendants' Motion *In Limine* to Exclude Geostock As An Expert Witness

Many of the arguments in all three Motions pertain to the propriety of the Geostock reports and whether the Defendants' experts were allowed to respond to these reports. The Court will first address this Motion because if Geostock is excluded, the Defendants' rebuttal opinions responding to Geostock will be irrelevant.

Defendants argue that Geostock is an improper rebuttal expert because it is a backdoor case in chief expert who the United States should have introduced initially. The United States asserts that Geostock properly rebuts one of Defendants' case in chief experts, Richard Lonquist.

---

[18] *Metro Ford Truck Sales Inc. v. Ford Motor Co*., 145 F.3d 320, 324 (5th Cir. 1998).
[19] *See Akeva L.L.C. v. Mizuno Corp.,* 212 F.R.D. 306, 310 (M.D.N.C. 2002).
[20] *Reliance Ins. Co. v. LA Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

For the reasons more fully stated below, this Court finds that Geostock is an improper rebuttal witness. However, although Geostock is not a proper rebuttal witness, this Court will not exclude Geostock given the strong public interest involved here.[21] While admitting the Geostock reports, the Court will grant leave to the Defendants to file a sur-rebuttal to Geostock. This report must be filed within 30 days of this Ruling.

### 1.   *The Geostock Reports Are Improper Rebuttal*

Federal Rule of Civil Procedure 26 governs expert rebuttal reports. Rule 26 defines a proper expert rebuttal report as one that is "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's case in chief expert report.[22] A witness whose purpose is to contradict an *expected and anticipated* portion of the opposing party's case in chief can never be considered a rebuttal witness; a rebuttal witness must respond to new opinions brought out in her opponent's case in chief.[23] A trial court has discretion about whether to allow a party to present evidence in rebuttal.[24]

In rebutting a case in chief report, an expert is not required to rely on the same methodology that the case in chief expert relied on.[25] Experts are typically allowed to introduce new methods of analysis in a rebuttal report so long as the new method is offered to contradict or rebut the opposing

---

[21] "[T]he exclusion of one or all of either party's proposed experts can influence substantially the amount of compensation set by the factfinder. Not only does the landowner have a strong interest in receiving just compensation for property, **the public as well has vested interests in insuring that the Government does not pay more than what the owner justly requires**. Recognizing the critical role of expert witnesses in these cases and the strong interest on both sides that compensation be just, trial courts should proceed cautiously before removing from the jury's consideration expert assessments…which may prove helpful." *14.38 Acres of Land,* 80 F.3d at 1078 (emphasis added).

[22] Fed. R. Civ. P. 26(a)(2)(D)(ii).

[23] *Morgan v. Comm. Union Assurance Cos.*, 606 F.2d 554, 555-6 (5th Cir. 1979).

[24] *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 685 (5th Cir. 1991);  *La. Healthcare Self Ins. Fund v. United States*, Civil Action No. 12-766-JJB-RLB, 2014 WL 3720526, at *2 (M.D. La. July 25, 2014) (citing *Wright Root Beer Co. of New Orleans v. Dr. Pepper Co.,* 414 F.2d 887, 892 (5th Cir. 1969)).

[25] *TC Sys. Inc. v. Town of Colonie, N.Y.*, 213 F. Supp. 2d 171, 180 (N.D.N.Y. 2002) ("[T]o restrict expert witnesses to not only the same subject matter, but, in essence, the same methodology…would impose an additional restriction on parties that is not included in the [Federal Rules of Civil Procedure.]").

party's case in chief expert.[26] However, while a rebuttal expert can use new methods, she may not offer entirely new arguments.[27] The line between what constitutes a proper rebuttal methodology and an improper new argument on rebuttal is often unclear and it is frequently a "very close case" as to whether testimony is proper rebuttal.[28]

While the text of Rule 26 does not prohibit a party's rebuttal expert from contradicting that party's own case in chief expert, logically, it seems that these experts should be consistent. As the Defendants point out, there is limited case law that deals with the situation.[29] But, to the extent they are not consistent, it suggests that the party is trying to improperly use rebuttal to modify its case in chief and get a "do over."[30]

When a rebuttal witness undermines a party's own principal appraisal expert, this is evidence of an improper rebuttal.[31] In *Washington Metro*, the Government sought to condemn land to build a subway system.[32] At trial, the Government offered one expert in its case in chief who testified that the highest and best use of the land was for an apartment complex.[33] The landowners offered two experts who agreed with the Government's witness that the best use was for an apartment complex.[34] After the landowners finished presenting their case in chief, the Government called a rebuttal expert; counsel for the Government assured the trial court that he would not be testifying to value of the land but that he was only assisting the jury with understanding the

---

[26] *Hans v. Tharaldson*, Civil Action No. 05-115, 2011 WL 6937598, at *10 (D.N.D. December 23, 2011).

[27] *Id.*

[28] *See Cates*, 928 F.2d at 685 ("Rebuttal must be kept in perspective; it is not to be used as a continuation of the case in chief. The call by the district court, as here, frequently is a very close one.").

[29] "There is limited case law that deals with this situation (as one could imagine the unlikelihood of a party designating a witness that undermines its own case in chief)." *Defs.' Supp. Mem.* 11, Doc. 319-1.

[30] *See Cates*, 928 F.2d at 685 ([Rebuttal] is not to be used as a continuation of the case in chief); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) ("[R]ebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief.).

[31] *Wash. Metro. Area Transit Auth. v. Two Parcels of Land*, 569 F.2d 816 (4th Cir. 1978).

[32] *Id.* at 817.

[33] *Id.*

[34] *Id.*

testimony of the landowners' experts.[35] The rebuttal expert testified and contradicted all of the appraisal experts, including the Government's own case in chief experts, by testifying that the land was worthless for the development of apartments and the highest and best use was for townhouses.[36] While the rebuttal expert did not explicitly testify what value he would assign to the land for the purpose of construction of townhouses, the Fourth Circuit held that he was an improper rebuttal witness because his testimony clearly went to the question of value—if accepted, his testimony would undermine the value conclusions of all of the experts in the case and suggest a lesser value.[37] The Fourth Circuit found reversible error and ordered a new trial calling the rebuttal testimony a "wholly unanticipated injection into the case of new concepts and new considerations…"[38]

While this Court finds the *Washington Metro* case helpful, it is not completely analogous to the present situation. Like the rebuttal expert in *Washington Metro* whose opinions were improper rebuttal opinions because they were basically new theories that should have been introduced in a case in chief, Geostock's opinions on the need for rock mechanics, the maximum and minimum pressure gradients, the resulting working gas, and the suitability of Cavern 102 for natural gas storage, are all new theories that should have been introduced in a case in chief. Moreover, merely because the Geostock reports are organized in reference to the points made in the Lonquist report does not compel the conclusion that they are proper rebuttal.[39] While Geostock does rebut the Lonquist report, it simultaneously contradicts the United States' own case in chief

---

[35] *Id.*
[36] *Id.* at 818.
[37] *Id.* at 819.
[38] *Id.*
[39] *Century Indem. Co. v. Marine Group, LLC*, Civil Action No. 08-1375, 2015 WL 5521986, at *4 (D. Or. Sept. 16, 2015) ("Merely because [the rebuttal expert] organized his report in reference to the points made in the [opposition's case in chief] reports does not, in this context, compel the conclusion that his report is a proper rebuttal report that responds to unforeseen theories.").

experts which serves as proof that the United States is using Geostock to change the direction of their case.

However, the present dispute differs from *Washington Metro* in one key respect—the introduction of the new rebuttal theory in *Washington Metro* occurred at trial rather than during pre-trial. In that case, the only fair remedy was complete exclusion of the expert because the landowners were "unprepared to deal" with the rebuttal expert when the Government used him to completely change the theory of the case.

Here, the Court finds that the Defendants are prepared to deal with Geostock, and for the reasons more fully explained below, the Court finds it inappropriate to exclude Geostock.

## 2.   *The Proper Remedy is to Allow a Sur-rebuttal*[40]

Concluding that a report is not a proper expert rebuttal report completes only the first of two steps to determine whether the Court should strike the report.[41] The Court must also decide whether the improper rebuttal report is either substantially justified or harmless, and thus may avoid being excluded under Rule 26(a).[42] When determining whether exclusion is appropriate, a court must consider the following factors ("the *Sierra* factors"): (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order.[43]

---

[40] In their Motion, Defendants do not address Rule 37. They seem to assume that if this Court finds the Geostock reports improper that it must exclude Geostock. However, this is not the case. Even if Rule 26(a) has been violated, exclusion is inappropriate if the discovery violation is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

[41] *Century Indem. Co.*, 2015 WL 5521986, at *5.

[42] *Hamburger v. State Farm Mutual Auto. Ins. Co*, 361 F.3d 875, 883 (5th Cir. 2004); *Patton v. Jacobs Engineering*, Civil Action No. 15-123-BAJ-RLB, 2016 WL 1090566, at *3 (M.D. La. Mar. 18, 2016).

[43] *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996); *Patton*, 2016 WL 1090566, at *3.

Additionally, where exclusion is an inappropriate sanction for a discovery violation, a court can grant alternative remedies or sanctions such as granting an opposing party the right to respond to an improper rebuttal report.[44]

Here, the Court finds that the first and second factors greatly weigh in favor of the United States, while the third and fourth factors are neutral. First, as to the "importance" factor, the Geostock reports are incredibly significant especially given the fact that the United States is no longer presenting a case in chief. Although this Court acknowledges that the United States may be engaging in gamesmanship by using Geostock as a backdoor, quasi case in chief expert, this Court has a responsibility to safeguard the interests of the public who will ultimately be paying for the condemned land. Were this Court to exclude Geostock, the United States would effectively have no experts. This would significantly increase the risk of the public overpaying for the condemned land. The Court is not willing to have the parties engage in a sham trial in which only the Defendants have experts.

Second, as to the "prejudice" factor, this case is many months away from trial. Any prejudice to Defendants by not excluding the Geostock reports can be cured by allowing Defendants to designate an expert to respond to the additional theories introduced by Geostock. For this reason, pursuant to Defendants' request in their Reply Memorandum (Doc. 350-1), this Court is granting leave to Defendants to designate an expert to rebut Geostock. This sur-rebuttal report must be filed within 30 days of this Ruling.

---

[44] *Glass Dimensions Inc. v. State Street Bank*, 290 F.R.D. 11, 17 (D. Mass. 2013) ("A district court has discretion to craft an alternative remedy…if the prejudice caused by the untimely disclosure can be cured before trial…[T]his Court can cure any prejudice to Defendants by allowing one of Defendant's experts the opportunity to respond to the [improper rebuttal report]."); *see also La. Healthcare Self Ins. Fund,* 2014 WL 3720526, at *2 (holding that the decision of whether to allow sur-rebuttal reports is committed to the trial court's discretion).

**B.     United States' Motion *in Limine* to Exclude Defendants' Expert Rebuttal Due to Exclusion of the United States' Case-in-Chief**

Having determined that the Geostock reports will not be excluded, and that Defendants will be given an opportunity to respond, this Court must now address the United States' two Motions *in Limine*.

First, the United States moves to exclude Defendants' rebuttal reports on the ground that it will no longer be offering a case in chief so it does not make sense to allow the Defendants to offer a rebuttal ("First Motion"). Alternatively, the United States moves to exclude the Defendants' rebuttal opinions for discovery violations ("Alternative Motion").

This Court is denying the First Motion and instead addresses the Alternative Motion because the First Motion is rendered meaningless by the Defendants' various concessions as to the substance of their rebuttal reports. The United States' entire First Motion rests on one central argument—where one party decides to forgo a case in chief, there is subsequently nothing to rebut, and so any rebuttal testimony by an opposing party is rendered irrelevant and should be excluded.[45] While this may be true in a case where the opposing party is *actually* rebutting a case in chief, here, the Defendants have admitted that their rebuttal reports were not responding to Beckman and the United States' other case in chief experts.[46] In this way, they are still relevant to the case because they address issues unrelated to the United States' now abandoned case in chief experts. For this reason, the United States Motion *in Limine* to Exclude Defendants' Expert Rebuttal Due to Exclusion of the United States' Case in Chief is denied.

---

[45] *See Carroll v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 12-07-WJM-KLM, 2013 WL 3810864, at *5 (D. Col. Jul. 22, 2013).

[46] *Defs.' Opp'n* 23, Doc. 336.

**C.     United States' Motion *in Limine*, In the Alternative, To Exclude Defendants' Expert Rebuttal Opinions for Discovery Violations**

The United States moves to exclude 10 of Defendants' rebuttal reports for discovery violations. For the reasons stated below, this Court is granting the Motion in part.

The United States makes three main arguments as to why Defendants' rebuttal reports are improper. First, the Government argues that some of Defendants' reports are untimely case in chief opinions submitted not to rebut the United States' case in chief testimony, but rather, to improperly bolster their own case in chief. Second, the United States argues that several of the reports seek to rebut the United States' rebuttal, and thus are unauthorized sur-rebuttal. Third, the Government argues that a few other reports do not contain the minimum information required by Rule 26. The United States argues that 10 of the Defendants' rebuttal reports should be excluded based on the theories above.

A court addressing expert discovery violations must undertake a two-step inquiry as discussed above.[47] First, it must address whether there has been a discovery violation, and second, if there is a violation, it must address whether exclusion is the appropriate remedy.[48] Below, this Court proceeds by first describing the reports and their alleged deficiencies, and then analyzing whether they should be excluded.

For ease of reference, the Court includes a chart to summarize its findings:

---

[47] *See* Section 2(A)(2) above; *Patton*, 2016 WL 1090566, at *3.
[48] *Id.*

| Expert | Case in Chief Expert | United States' Argument(s) to Exclude Rebuttal Report | Rule 26 Discovery Violation | Rule 37 Sanction |
|---|---|---|---|---|
| Jay Boggs (Appraiser) | Yes | • Untimely case in chief opinions<br>• Inadequate Disclosures | Yes, untimely case in chief opinion | No |
| Michael Truax (Appraiser) | Yes | • Untimely case in chief opinions<br>• Inadequate Disclosures | Yes, untimely case in chief opinion | No |
| Richard Lonquist (Engineer) | Yes | • Untimely case in chief opinions<br>• Unauthorized sur-rebuttal | Yes, unauthorized sur-rebuttal | No |
| Lowell Thronson (Engineer) | Yes | • Untimely case in chief opinions<br>• Inadequate Disclosures | No | No |
| Paul Bieniawski (Engineer) | Yes | • Unauthorized sur-rebuttal | Yes, unauthorized sur-rebuttal | Excluded except for the sections addressing the Geostock report |
| Jay Balasubramanian (Financial Modeling) | No | • Unauthorized sur-rebuttal | Yes, unauthorized sur-rebuttal | Excluded |
| Peter Korpacz (Appraiser) | No | • Inadequate Disclosures | Yes, inadequate disclosures | Excluded |
| Daniel Lesser (Appraiser) | Yes | • Inadequate Disclosures | Yes, inadequate disclosures | Excluded |
| Jeff Welch (Marketing) | Yes | • Inadequate Disclosures (case in chief and rebuttal) | Yes, inadequate disclosures | No |
| Kevin Miller (Business Exec.) | Yes | • Inadequate disclosures (case in chief and rebuttal) | Yes, inadequate disclosures | No |

### 1.  *The Rebuttal Reports*

#### a)    *The Boggs Rebuttal Report*

The United States argues that the Boggs report should be excluded because it introduces untimely case in chief opinions and is an inadequate disclosure.

Defendants designated Jay Boggs as one of their two case in chief appraisers.[49] In his initial report, Boggs employed two different approaches—the income approach and the sales comparison approach.[50] In his income approach, Boggs declined to do a before and after analysis, instead using the "short hand" method.[51] When asked at deposition whether he could have done a before and after analysis, Boggs said: "We certainly could. It would be more complex to do, but we can or we could."[52] When asked why he did not use this method, Boggs said: "We believed that the [short hand] method arrived at the same conclusion and it was in a more efficient manner and focused more on the important aspects of deriving and extracting value for the subject real estate."[53]

In rebuttal, instead of contradicting any United States' case in chief reports, Boggs submitted two "addenda" which attempted to supplement his own case in chief report by conducting standard before and after analyses.[54] None of his rebuttal opinions directly addressed any of the United States' case in chief experts; in fact, Defendants admit that Mr. Boggs' report "was not prepared to 'contradict or rebut' the information in the United States' case in chief reports."[55] Defendants argue that the Boggs addenda are "classic supplemental opinions" and should be admitted.[56]

---

[49] Defs.' Second Amended Designation of Rebuttal Experts 6, Doc. 314-3.
[50] Boggs Case in Chief Report 61, 76, Doc. 314-4.
[51] *Id.* at 61.
[52] Boggs Deposition 223:3-6, Doc. 314-5.
[53] *Id.* at 223:7-13.
[54] Boggs Addendum #1 2, Doc. 314-6; Boggs Addendum #2 4-5, Doc. 314-7.
[55] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 6, Doc. 335.
[56] *Id.*

b)    *The Truax Rebuttal Report*

The United States argues that the Truax report should be excluded because it introduces untimely case in chief opinions and it is an inadequate disclosure.

In rebuttal, Michael Truax did the same thing that Jay Boggs attempted to do—after not conducting a conventional before and after analysis in his initial report, Truax conducted the test in his rebuttal report. In his case in chief report, Truax used the income and sales comparison approaches.[57] Like Boggs, Truax did not do a conventional before or after valuation, instead relying on a "one-step" valuation process which apparently "results in the functional equivalent of conducting a 'before' and 'after' appraisal."[58] When asked at deposition whether he could have used the before and after method, Truax said: "It could be done, yes; but, obviously, you know, I thought that it was as efficient to do this methodology as the other—or, rather, I should say it would be more efficient to do this."[59] In their rebuttal expert disclosures, Defendants stated: "Mr. Truax has performed a long form before and after discount cashflow which is being produced herewith. Mr. Truax's long form analysis corroborates the results of his first analysis which he referred to as short form."[60] Truax did not produce a full report; rather, Defendants produced two PDF charts of Truax's new before and after analysis.[61] The United States argues that this is improper rebuttal because it does not contradict or even attempt to respond to their case in chief experts.[62] The Defendants argue that these are proper supplemental opinions as they merely clarify his original case in chief report.[63]

---

[57] Truax Case in Chief Report 17, Doc. 314-9.
[58] *Id.* at 18.
[59] Truax Deposition 139:8-15, Doc. 314-10.
[60] Defs.' Second Amended Designation of Rebuttal Experts 5, Doc. 314-3.
[61] Truax Spreadsheet, Doc. 314-11.
[62] *Pl.'s Supp. Mem* 16, Doc. 315-1.
[63] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 6, Doc. 335.

c)      *The Lonquist Rebuttal Report*

The United States argues that the Lonquist report introduces untimely case in chief opinions and is unauthorized sur-rebuttal.

Defendants designated Richard Lonquist as both a case in chief and rebuttal expert.[64] None of the United States' case in chief reports were in Lonquist's rebuttal work file.[65] In his rebuttal, Lonquist notes that the purpose of his rebuttal is twofold—(1) to provide "additional comments in support of his earlier report," and (2) to respond to "issues that have been raised" by the United States' rebuttal expert, Geostock.[66] The United States argues that the Lonquist report is improper because it is both improper bolstering and unauthorized sur-rebuttal.[67] The Defendants admit that the Lonquist report "may be more accurately characterized as a sur-rebuttal report."[68] Nonetheless, they argue that his report should not be excluded because the United States introduced new arguments into the case via Geostock.

d)      *The Thronson Rebuttal Report*

The United States argues that the Thronson report introduces untimely case in chief opinions and is an inadequate disclosure.

Defendants designated Lowell Thronson as both a case in chief and rebuttal expert.[69] On rebuttal, Thronson disclosed two documents.[70] The first document clarifies some statements he made in his deposition.[71] The second document responds to Beckman and Pastore, the United

---

[64] Defs.' Second Amended Designation of Rebuttal Experts 4-5, Doc. 314-3.
[65] *Id.*
[66] Lonquist Rebuttal Report 1, Doc. 314-12.
[67] *Pl.'s Supp. Mem* 17, Doc. 315-1.
[68] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 7-8, Doc. 335.
[69] Defs.' Second Amended Designation of Rebuttal Experts 7-8, Doc. 314-3.
[70] Thronson Rebuttal Documents, Doc. 314-13
[71] *Id.* at ECF pgs. 2-5.

States' case in chief experts and includes some calculations.[72] The Defendants admit that the first document submitted by Thronson is not proper rebuttal, but they argue that it is proper supplementation.[73]

  e)  *The Bieniawski Report*

  The United States moves to exclude the Bieniawski report on the grounds that it is unauthorized sur-rebuttal.

  Defendants designated Paul Bieniawski as both a case in chief and rebuttal expert. Bienawski's rebuttal report does not specify which of the United States' case in chief experts he is rebutting; in fact, the only expert reports in Bieniawski's work file were the reports of the United States' rebuttal experts from the Brattle Group.[74] The United States argues that Bieniawski's rebuttal report should be excluded because it is unauthorized sur-rebuttal. The Defendants argue that even if Bieniawski is offering sur-rebuttal it should be allowed because of the bad acts of the United States in using Geostock as a backdoor expert.[75]

  f)  *The Balasubramanian Report*

  The United States moves to exclude the Balasubramanian report on the ground that it is unauthorized sur-rebuttal.

  Defendants designated Jay Balasubramanian solely as a rebuttal expert, and the only United States report listed in his file was the report of United States' rebuttal expert Mark Houldsworth.[76] The entire report discusses and clarifies the case in chief report of Jay Boggs whom

---

[72] *Id.* at ECF pgs. 6-24.
[73] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 6, Doc. 335.
[74] Bieniawski Rebuttal Report, Doc 314-16; Defs.' Second Amended Designation of Rebuttal Experts 13, Doc. 314-3.
[75] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 9, Doc. 335.
[76] Defs.' Second Amended Designation of Rebuttal Experts 11, Doc. 314-3.

Balasubramanian works with.[77] Using nearly identical headings and structure, Balasubramanian addresses each of Houldsworth's criticisms of Boggs' Storage Valuation Model.[78] Defendants argue that the Balasubramanian report is a proper supplemental report in that it explains the Boggs report.[79]

g)    *The Korpacz Report*

The United States moves to exclude Peter Korpacz as a rebuttal expert based on inadequate disclosures. Korpacz has only been designated as a rebuttal expert and not a case in chief expert. His entire report consists of one paragraph.[80] The Defendants admit that the Korpacz Report is "short," but they argue that it identifies enough of his anticipated testimony to be adequate.[81]

h)    *The Lesser Report*

The United States moves to exclude Daniel Lesser as a rebuttal expert based on inadequate disclosures. Lesser is also a case in chief expert. Like Korpacz, his entire report consists of one paragraph.[82] Unlike Korpacz, Lesser has also submitted a case in chief report and has been deposed in this matter.[83]

i)    *The Welch Reports*

The United States moves to exclude Jeff Welch on the grounds that both his case in chief and rebuttal reports constitute inadequate disclosures.[84] The Defendants argue that Welch is a non-

---

[77] Balasubramanian Report, Doc. 314-17.
[78] Compare Houldsworth Rebuttal Report, Doc. 314-27 with Balasubramanian Report, Doc. 314-17.
[79] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 9, Doc. 335.
[80] Korpacz Rebuttal Report, Doc. 314-18.
[81] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 11, Doc. 335.
[82] Lesser Report, Doc. 314-19.
[83] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 15, Doc. 335.
[84] *Pl.'s Supp. Mem* 24-5, Doc. 315-1.

retained expert and therefore not subject to the expert report requirement.[85] They assert that his reports comply with the lower Rule 26(a)(2)(C) requirement.[86]

j)      *The Miller Reports*

The United States moves to exclude Kevin Miller on the grounds that both his case in chief and rebuttal reports constitute inadequate disclosures.[87] The United States argues that the Miller reports should be excluded for the same reasons the Welch reports should be excluded.[88]

2.   *Analysis*

As discussed above, the United States' Motion makes three main arguments for why the Defendants' rebuttal reports should be excluded—(1) some are untimely case in chief opinions; (2) others are unauthorized sur-rebuttal; and (3) some are inadequate disclosures. This Court begins by addressing the untimely case in chief arguments and determining whether exclusion is the appropriate remedy for any violations based on this argument.

a)      *Untimely Case in Chief Opinions*

Federal Rule of Civil Procedure 26 defines a proper expert rebuttal report as one that is "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's case in chief expert report.[89] A rebuttal witness whose purpose is to contradict an expected and anticipated portion of the opposing party's case in chief can never be considered a proper rebuttal witness; a rebuttal witness must respond to new opinions brought out in her

---

[85] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 11, Doc. 335.
[86] *Id.*
[87] *Pl.'s Supp. Mem* 24-5, Doc. 315-1.
[88] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 10, Doc. 335.
[89] Fed. R. Civ. P. 26(a)(2)(D)(ii).

opponent's case in chief.[90] Testimony that does not contradict or rebut the opposing party's expert, but merely bolsters a party's case in chief is not proper rebuttal testimony.[91]

Additionally, a party cannot evade the rebuttal requirements by characterizing "new" opinions in later reports as supplemental.[92] Supplemental reports are not a proper vehicle for an expert to correct deficiencies resulting from incomplete preparation.[93] Supplementation is proper when it corrects a previously rendered opinion based on new information that was unavailable to the expert at the time of his initial report.[94] It is also proper when an expert uses it to identify information that he *inadvertently*, rather than strategically, omitted from his first report.[95]

To allow a party to continually supplement its reports by invoking the important interests involved in a case would wreak havoc on docket control and amount to unlimited expert preparation.[96] "[C]ourts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures."[97]

In determining whether to exclude an improper rebuttal report, a court in the Fifth Circuit must consider the four *Sierra Club* factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order.[98]

---

[90] *Morgan*, 606 F.2d at 555-6.
[91] *See Cates*, 928 F.2d at 685 ([Rebuttal] is not to be used as a continuation of the case in chief).
[92] *Metro Ford Truck Sales Inc*, 145 F.3d at 324.
[93] *See Akeva*, 212 F.R.D. at 310.
[94] *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 421 (S.D. Tex. 2012).
[95] *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630 (E.D.N.C. 2008).
[96] *Id.* at 630-31.
[97] *Lampe Berger USA, Inc. v. Scentier, Inc.*, Civil Action No. 04-354-CN, 2008 WL 3386716, at *2 (M.D. La. Aug. 8, 2008).
[98] *Sierra Club*, 73 F.3d at 572; *Patton*, 2016 WL 1090566, at *3.

The Boggs and Truax Rebuttal Reports are improper rebuttal. As the United States points out, Boggs could have done—but chose not to do—a typical before and after analysis in his original report. In his deposition, he even admitted that he made a strategic decision to only include a short form analysis because it was more efficient than the before and after method and arrived at the same conclusion as the before and after method. Boggs' rebuttal report is basically just a before and after analysis and for this reason, it is improper rebuttal. It does not attempt to contradict any case in chief experts of the United States; in fact, it does not even mention any United States case in chief experts. Additionally, it is not a proper supplemental report because the report is not based on "new" information. Boggs admits that he could have included the before and after analysis in his original report. For the same reasons as stated above, the Truax rebuttal report is not proper rebuttal nor is it proper supplementation.

The Thronson report, however, is both proper rebuttal and proper supplementation. The second document in his report is classic rebuttal as it responds to Beckman and Pastore. Although a somewhat close question, the first part of the report is proper supplementation. Thronson was merely clarifying some statements he made at his deposition. He was not improperly bolstering his own initial report. Therefore, the Thronson report shall not be excluded on these grounds.

The United States also argues that the Lonquist report is untimely case in chief testimony. However, because the Court finds that Lonquist was substantially justified in offering an unauthorized sur-rebuttal, the Court will defer ruling on this report until section (b) below.

Having determined that the Boggs and Truax reports are improper rebuttal, this Court must now determine whether exclusion is appropriate. This Court finds that any violation in offering the before and after analysis is harmless.

The first factor, importance of the testimony, weighs in favor of the Defendants. The United States argues that the new Boggs and Truax opinions cannot be that important if the experts chose not to include those opinions in their initial reports. The Defendants respond by arguing the following: "[T]o the extent that the United States claims that Mr. Boggs' and Mr. Truax's valuations are worthless without a full 'before and after' valuation analysis, the supplemental reports of Mr. Boggs and Mr. Truax are crucial to this case. Otherwise, considering that the United States will apparently not offer an opinion as to value, there would be no opinion of value from either side to present to the factfinder."[99] As mentioned before, there are weighty constitutional interests on both sides of this case in that the public should not be overpaying for the land and the Defendants should be fairly compensated for the land that is being taken from them. Given that the Defendants bear the burden of proof, it is especially important that the landowners are given the opportunity to present this important evidence that will likely impact the valuation determination.

The second factor, the prejudice in permitting the testimony, also weighs in favor of the Defendants in regards to the Boggs and Truax reports. The United States makes three arguments for why they will be prejudiced if Boggs and Truax are able to testify in rebuttal. First, they argue that it is fundamentally unfair to allow Boggs and Truax to testify in rebuttal (and thus get a "do over") when their case in chief has been effectively stricken. The Court does not find this argument compelling. By allowing Geostock to testify, this Court is effectively giving the United States a "do over," and it is only fair to treat the Defendants equally and allow their testimony as well. Second, the United States argues that it is unfair to allow these rebuttal reports because the expert deadlines have passed and so they argue that they cannot adequately respond to Defendants'

---

[99] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 13, Doc. 335.

rebuttal reports. The Court finds that this argument is weak as well. Trial is not set until June 2017. The United States has more than enough time to depose or re-depose the experts. Third, the United States argues that it would be difficult to prepare for a Truax deposition because Truax's rebuttal disclosures are inadequate. The Court finds this argument unavailing given that Truax has filed an initial report and has already been deposed in this matter. To the extent that the United States argues that this holding prejudices them because it unfairly increases the cost of litigation, that argument holds little weight. By not offering a case in chief, the United States effectively forced the Defendants to take depositions that now appear to be financially wasteful. The United States cannot complain about costs after having forced the Defendants to waste money on multiple depositions that are now irrelevant.

The third factor, whether a continuance could cure any prejudice, is neutral. A court must consider whether a continuance would cure the prejudice to the moving party incurred by the introduction of the non-moving party's expert evidence.[100] Due to the fact that discovery is still open, a continuance is unnecessary and any prejudice suffered by the United States can be cured by deposing the experts.

The fourth factor, an explanation for the discovery violation, weighs in favor of the United States. The Defendants do not have an adequate explanation for submitting what are effectively untimely case in chief opinions. They argue that they were justified in submitting these reports because the United States completely changed their case theory when submitting the Geostock reports. While it may be true that the United States used Geostock to change its case theory, this in no way affected the Defendants' ability to request a scheduling order extension to file new opinions that were unrelated to the Geostock testimony. They should have asked to amend the

---

[100] *Garza v. Allstate Texas Lloyd's Co.*, 284 F. App'x 110, 113 (5th Cir. 2008).

scheduling order three years ago to offer the new Boggs and Truax opinions. Although Defendants do not have a good explanation for submitting untimely case in chief opinions, this Court finds, after considering all the factors, that an introduction of the new Boggs and Truax testimony is harmless, and they shall not be excluded.

b)      *Unauthorized Sur-Rebuttal*

The United States argues that the Balasubramanian, the Bienawski, and the Lonquist reports are unauthorized sur-rebuttal and should be excluded. Because of the change in deadlines, the United States submitted its rebuttal reports on August 5, 2013, one week before the Defendants submitted their reports on August 12, 2013. The United States correctly points out that some of the Defendants' rebuttal experts used this delay in rebuttal submission to respond to the United States' *rebuttal* experts rather than their case in chief experts.

"Simply because [one party] disclose[s] its purported rebuttal experts prior to the deadline for disclosure of rebuttal experts, does not mean that [the other party] may disclose surrebuttal experts who are intended to rebut the testimony of [the initial party's] rebuttal experts."[101] A party who wants to submit a sur-rebuttal report must first seek leave of court.[102]

The three reports are clearly sur-rebuttal. Balasubramanian's report is clearly addressing the Houldsworth Report, a United States' rebuttal expert. Lonquist's report is addressing the Geostock report, and Bienawski's report is addressing both Levine's report (another United States' rebuttal witness) and the Geostock report. The Defendants admit that these reports are unauthorized sur-rebuttal. Nonetheless, they argue that this Court should grant leave to allow these

---

[101] *Carroll*, 2013 WL 3810864, at *5.
[102] *La. Healthcare Self Ins. Fund*, 2014 WL 3720526, at *1.

24

sur-rebuttal opinions given that the United States has introduced Geostock as a new quasi case in chief expert.

Having determined that the three reports constitute improper sur-rebuttal, the Court must turn to the four *Sierra Club* factors to determine if exclusion is the appropriate remedy. Accordingly, the Court finds it appropriate to exclude the Balasubramanian report in its entirety and any part of the Bienawski report that is not directly responding to Geostock. The Court shall allow the Lonquist report.

Regarding the Balasubramanian and Bienawski reports, the first and fourth factors greatly weigh in favor of the United States. As to the first factor, Defendants have failed to alert the Court as to why this testimony is important. While adequately describing the necessity of the Boggs and Truax rebuttal testimony, Defendants have failed to show the Court why the Balasubramanian report or the Bienawski report (specifically as it responds to Levine) is necessary for the Defendants to prove their case. As to the fourth factor, Defendants have failed to adequately explain why their unauthorized sur-rebuttal was justified. The Defendants have not brought forward any arguments as to why they need a sur-rebuttal to the Houldsworth and Levine Reports nor have they explained why they did not seek leave to offer sur-rebuttal at the appropriate time nearly three years ago.

This Court is aware that the introduction of Geostock prejudiced the Defendants in that they had to shift course and address issues that had not been in dispute before. However, the "Geostock" argument is beside the point when it comes to Defendants' experts' opinions on non-Geostock reports. This Court will not allow the Defendants to use the Geostock argument as a blank check to commit Rule 26 violations. Just because the United States violated the disclosure

rules in introducing Geostock does not give the Defendants the right to commit discovery violations when they are not responding to Geostock.

However, the Court shall allow the Bienawski (only the sections related to Geostock) and Lonquist reports as they address the Geostock experts who injected new issues and controversies into the case. Any violations committed by Defendants in responding to Geostock are substantially justified.

### c)    *Inadequate Disclosures*

Lastly, the United States asserts that various rebuttal reports should be excluded because they constitute inadequate disclosures. Rule 26 outlines two different disclosure standards depending on whether the expert is retained or non-retained.[103] The purpose of the expert disclosure requirements is to allow both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.[104]

Rule 26(a)(2)(B) outlines which experts are retained experts: "*Witnesses Who Must Provide a Written Report*: Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Experts who fall under this subsection must prepare reports that satisfy six requirements which include: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the

---

[103] Fed. R. Civ. P. 26(a)(2)(B)-(C).
[104] *Fielden v. CSX Transp., Inc.,* 482 F.3d 866, 871 (6th Cir. 2007) (citation omitted).

previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

Alternatively, if an expert was not specially retained and has personal knowledge of the facts giving rise to the litigation, such as a treating physician, Rule 26(a)(2)(C)'s lower standard applies. Under this standard, an expert need only prepare a report that states: "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[105] The party seeking to avoid producing a full expert report has the burden of demonstrating that its expert is exempt from Rule 26(a)(2)(B).[106]

*Williams* addresses the limits of a non-retained expert's testimony and when the non-retained expert must comply with Rule 26(a)(2)(B)'s more rigorous disclosure requirements.[107] In *Williams*, the non-retained expert was plaintiff's treating physician.[108] Defendant sought to limit the treating physician's testimony to that of an ordinary fact witness, arguing that the treating physician's disclosures did not comply with Rule 26.[109] The court held that treating physicians are non-retained experts and that such Rule 26(a)(2)(C) experts "may testify beyond their personal knowledge, but their opinions must be based on facts or data obtained or observed in the course of the sequence of events giving rise to the litigation, rather than from subsequent evaluation as a specially retained expert."[110] The court further held that when the treating physician "offers expert

---

[105] Fed. R. Civ. P. 26(a)(2)(C).
[106] *Skyeward Bound Ranch v. City of San Antonio*, Civil Action No. 10-316-NN, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011).
[107] *Williams v. State*, Civil Action No. 14-154-BAJ-RLB, 2015 WL 5438596, at *3 (M.D. La. Sep. 14, 2015).
[108] *Id.* at * 2.
[109] *Id.*
[110] *Id.* at *2-3 (internal quotation marks and citations omitted).

opinions formed outside of the course of providing treatment, a written report pursuant to the higher standard must be submitted to the other parties."[111]

The United States groups its inadequate disclosure arguments into two sections. First, the United States argues that the retained experts' rebuttal reports (Boggs, Truax, Thronson, Lesser, Korpacz) constitute inadequate disclosures. Second, the United States argues that the Welch and Miller case in chief/rebuttal reports should be excluded.

(1)    Boggs, Truax, Thronson

As to Boggs, the United States asserts that Boggs' "three other scenario" chart lacks a statement setting forth what opinions are reflected in the chart. As to Truax, the United States argues that his rebuttal charts lack any statement or data sources. As to Thronson, the United States asserts that his rebuttal chart does not contain a sufficient statement of his opinion. As to Boggs, Truax, and Thronson, the Defendants argue that "the purpose of disclosure is to prevent sandbagging at trial, and, given the totality of the circumstances, it is highly unlikely that the United States would be surprised by any of these experts at trial."[112] Additionally, Defendants argue that when Boggs Truax, and Thronson's initial submissions are viewed along with their rebuttal submissions, they are adequate under Rule 26.

This Court agrees with the Defendants. Furthermore, to the extent that there is any prejudice to the United States by allowing Boggs, Truax, and Thronson to testify in rebuttal, the United States can easily cure it by conducting more discovery or by deposing those experts. The Boggs, Truax, and Thronson rebuttal reports contain specific analyses and calculations. If the

---

[111] *Id.* (citation omitted).
[112] *Defs.' Opp'n to the United States' Alternative Motion in Limine* 10, Doc. 335.

United States needs more information as to any calculation, they can ask the Defendants about those specific calculations.

(2)     Lesser and Korpacz

This Court, however, finds that the Lesser and Korpacz rebuttal reports constitute inadequate disclosures. Lesser and Korpacz's nearly-identical statements are only one paragraph long.[113] This Court agrees with the United States that both statements fail to set forth any substantive arguments, and that the listing of general topics the experts intend to testify about such as "widely recognized valuation concepts," and the "history of valuation theory" do not constitute adequate disclosures. The Defendants do not offer any excuse for these inadequate disclosures.

Having determined that the Lesser and Korpacz rebuttal reports violate Rule 26, this Court must look to the four *Sierra* factors to determine if exclusion is appropriate. [114] Having reviewed the factors as they pertain to Lesser and Korpacz, this Court finds that the rebuttal testimony of both experts will be excluded. The Defendants have not adequately described the importance of these experts, and, given that this Court is allowing Boggs and Truax to testify in rebuttal (the Defendants' other appraisers), this Court finds that any testimony by Lesser and Korpacz in rebuttal will likely be duplicative of Boggs and Truax. Additionally, Korpacz is not an initial expert and so the United States' entire file on Korpacz consists of one paragraph. The United States will be prejudiced as it will be impossible to prepare a deposition of Korpacz based on a one paragraph statement that references general topics. Furthermore, the "Geostock" unfair surprise excuse is

---

[113] Lesser Rebuttal Report, Doc. 314-19; Korpacz Rebuttal Report, Doc. 314-18.
[114] When determining whether exclusion is appropriate, a court must consider the following factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *Sierra Club*, 73 F.3d at 572.

inapplicable here as neither Lesser nor Korpacz suggest that they will be rebutting Geostock. For these reasons, this Court is excluding the testimony of Lesser and Korpacz.

(3)     Welch and Miller

The United States makes three main arguments regarding why Welch and Miller should be excluded. First, they argue that Welch has been retained now and therefore must submit a full Rule 26(a)(2)(B) report. Second, even if Welch and Miller are non-retained experts, the Government argues that Welch and Miller must submit a full Rule 26(a)(2)(B) report for any opinions they formed *for the purpose* of this litigation rather than ones they formed in the sequence of events leading to this litigation. Third, even assuming that Welch and Miller are non-retained experts, the Government argues that their reports do not meet the lower Rule 26(a)(2)(C) requirements. The Defendants counter these arguments by asserting that Welch and Miller are non-retained experts, are only subject to the lower standard, and that they have met that standard.

This Court finds the Government's arguments persuasive. It appears that both Welch and Miller, in addition to giving opinions they formed while working at PLM, are also submitting opinions they formed for the purposes of this litigation.[115] To the extent they are submitting opinions formed for the purposes of this litigation, they are required to comply with the higher Rule 26(a)(2)(B) standard. Their rebuttal reports fall far short of that standard. However, the Court finds that their disclosures do comply with the lower Rule 26(a)(2)(C) standard in that they are summaries of the facts and opinions to which the witnesses are expected to testify.

Having determined that the Welch and Miller reports violate Rule 26, this Court must determine whether exclusion is appropriate under the *Sierra* factors. The Court finds that, in

---

[115] *See e.g.*, Welch Rebuttal, Doc. 314-24 ("The analysis done or employed by the [United States'] valuation experts to demonstrate the relationship between storage rates and turns is faulty."); Miller Rebuttal Report, Doc. 314-26 (analyzing the system turn by TeCorp which was prepared by the United States' in rebuttal for this litigation).

regards to Welch and Miller, all of the *Sierra* factors favor Defendants. First, as former employees of PLM, their testimony is likely important to the factfinder in understanding the nature of Cavern 102, and given the important interest of the landowners in being justly compensated, this Court is hesitant to exclude the testimony of witnesses who have direct knowledge of the land. Second, there is no prejudice in allowing them to testify as the United States has already deposed them and can depose them again if necessary. Finally, Defendants have an adequate excuse as to why they did not provide 26(a)(2)(B) reports—they were under the impression that those reports were not necessary because they assumed Welch and Miller were non-retained experts. For these reasons, the Court will not exclude these two experts.

**3. CONCLUSION**

For the reasons stated herein, the Defendants' Motion *in Limine* to Exclude Geostock as a Rebuttal Witness (Doc. 319) is **DENIED**. However, as requested by the Defendants in their Reply to the United States' Opposition (Doc. 350-1), this Court **GRANTS LEAVE TO DEFENDANTS TO DESIGNATE AN EXPERT TO REBUT GEOSTOCK**. Additionally, the United States' Motion *in Limine* to Exclude Defendants' Expert Rebuttal Due to Exclusion of the United States' Case in Chief (Doc. 313) is **DENIED**. The United States' Motion *in Limine*, in the Alternative, to Exclude Defendants' Expert Rebuttal Opinions for Discovery Violations (Doc. 314) is **GRANTED IN PART in that the following expert rebuttal opinions are excluded— Balasubramanian, Korpacz, Lesser, and Bieniawski (partial exclusion)**.

Signed in Baton Rouge, Louisiana, on September 27, 2016.

 

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

31