UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

9.345 ACRES OF LAND, MORE OR
LESS, SITUATED IN IBERVILLE
PARISH, STATE OF LOUISIANA, AND
SIDNEY VINCENT ARBOUR, III, ET AL

CIVIL ACTION

NO. 11-803-JJB-EWD

## RULING

This matter is before the Court on the Government's Motion for Reconsideration of the Court's Ruling on Brine Evidence (Doc. 483). The Defendants filed an Opposition (Doc. 503), and the Government filed a Reply (Doc. 505). After reviewing the briefing, the Court finds that the Government's Reconsideration Motion presents the same arguments and evidence that the Court previously considered when it issued its original Ruling (Doc. 454) regarding the brine evidence. Accordingly, the Government's Motion for Reconsideration (Doc. 483) is **DENIED**.

### I. STANDARD

Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise at any time any order or other decision that does not end the action."[1] Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[2] While "Rule 59(e), understandably, sets a high threshold for parties to raise a new argument for the first time after judgment has already been entered.... In contrast, Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more

---

[1] *Austin v. Kroger Texas, L.P.*, Civil Action No. 16-10502, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017) (internal quotation marks omitted).
[2] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990).

1

flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[3] However, reconsideration motions should be the exception not the rule, and a court should only revise its ruling where "the moving party has presented substantial reasons for reconsideration."[4]

**II. ANALYSIS**

After extensive briefing by the parties and an evidentiary hearing, the Court, in its previous Ruling,[5] held the following:

> [I]t would be improper to exclude the brine evidence from the jury. The Government's arguments can be explored through cross-examination at trial… While it is possible that a jury may find that the salt/brine in Cavern 102 was essentially worthless, it is equally possible, as the Defendants have demonstrated, that a willing buyer would have considered the brine and salt in Cavern 102 as elements of value.[6]

In its Reconsideration Motion, the United States appears to concede that a buyer would have assigned some value to the brine in Cavern 102, but that Defendants' experts did not present a proper valuation:

> The Court's [prior] decision appears animated by the fact that a buyer would have assigned some value to the salt taken by the United States given that (1) utilizing the salt from Cavern 102 would have reduced costs (by deferring the drilling of a new brine-production well) and (2) the quantity of salt at Bayou Choctaw Salt Dome ("Bayou Choctaw") is finite, and the loss of Cavern 102 will impact operations at some unknown point decades from now (*i.e.*, the salt at Bayou Choctaw will be used-up sooner because of the taking). *The United States agrees that a buyer may have assigned value to these considerations. The problem is that Defendants' two valuation experts, Albert Boggs and Michael Truax, did not.* They did not attempt to value the cost-savings of having Cavern 102 in brine production. Nor did they conduct a marketability study to determine how a buyer would have valued Cavern 102 considering the finite supplies of salt. They instead double counted and double claimed "lost" Olin and Westlake revenues…[7]

---

[3] *Austin*, 2017 WL 1379453 at *9 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).
[4] *Broyles v. Cantor Fitzgerald & Co.*, Civil Action No. 10-854, 2015 WL 12911776 at *1 (M.D. La. Feb. 5, 2015) (citation omitted).
[5] Doc. 454.
[6] *Id.* at 12-16.
[7] Gov.'s Mot. 1-2, Doc. 483-1 (emphasis added).

In response to this argument, the Defendants state the following:

> [T]he fact that Defendants still had brine after the taking does not mean that the brine taken did not have value or that the existing contracts were not some evidence of the value of brine in the market. To the extent that the Reconsideration Motion now suggests that the United States would not have had a problem if the Defendants presented a valuation showing the impact of losing brine customers somewhere down the road or the cost to drill a new well sooner, this is disingenuous. Undoubtedly, the United States would have then argued that those damages were unrecoverable speculative consequential business damages.[8]

The Court declines to modify or overrule its prior decision for two main reasons. First, after reviewing the Reconsideration Motion, the Court finds that nothing new has been presented that this Court has not already previously considered. The Court finds that the Government is essentially rearguing its "double counting," and "before and after" arguments which this Court previously considered in light of the evidence presented at the April 25, 2017 hearing. The Court rejected those arguments.

Second, the Court finds that the Boggs and Truax testimony is proper for the jury to consider as the brine in Cavern 102 had some value, the existing contracts were evidence of a market, and those contracts were representative of that market.

### III. CONCLUSION

For the reasons stated above, the Government's Motion for Reconsideration (Doc. 483) is **DENIED**. Signed in Baton Rouge, Louisiana, on August 9, 2017.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[8] Defs.' Opp. 4, Doc. 503-1August 9, 2017.